**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL MESSER, California Medicare
beneficiary; DOROTHY CALABRESE,
M.D., California Medicare physician
provider,

            Plaintiffs - Appellants,

   v.

KATHLEEN SEBELIUS,[*] Secretary, U.S.
Department of Health and Human
Services; et al.,

            Defendants - Appellees.

No. 07-56622

D.C. No. CV-06-01217-CJC

MEMORANDUM[**]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 5, 2010[***]

---

[*]     Kathleen Sebelius is substituted for her predecessor, Michael O.
Leavitt, as Secretary of the Department of Health and Human Services, pursuant to
Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:      RYMER, McKEOWN, and PAEZ, Circuit Judges.

Paul Messer and Dorothy Calabrese, M.D. appeal pro se from the district court's judgment dismissing their action alleging that defendants' denial of reimbursement claims for transfer factor therapy violated various civil and criminal federal statutes and the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1111 (9th Cir. 2003), and we affirm.

The district court properly determined that it lacked subject matter jurisdiction over the action because Messer and Calabrese failed to exhaust their administrative remedies under the Medicare Act prior to filing the action. *See* 42 U.S.C. §§ 1395ff(b)(1)(A), 1395ii (incorporating 42 U.S.C. § 405(g)-(h) by reference, and thus providing that judicial review is only available after a hearing and the final decision of the Secretary of the Department of Health and Human Services); *Heckler v. Ringer*, 466 U.S. 602, 614-16 (1984) (stating that claims arise under the Medicare Act, and are subject to its exhaustion requirements, if they are inextricably intertwined with claims for Medicare benefits).

Messer and Calabrese's remaining contentions are unpersuasive.

**AFFIRMED.**